UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DENZEL DEVON,<br>*Plaintiff*,<br><br>v.<br><br>FORTERRA PIPE AND PRECAST, LLC<br>AND XYZ INSURANCE COMPANY<br>*Defendants*. | CIVIL ACTION NO.: 2:18-cv-207<br><br>JUDGE;  NANNETTE  JOLIVETTE<br>BROWN<br><br>MAG JUDGE: JOSEPH C. WILKINSON,<br>JR. |

**ANSWER WITH DEMAND FOR TRIAL BY JURY**

NOW INTO COURT, through undersigned counsel, comes and appears FORTERRA PIPE AND PRECAST, LLC, who makes Answer to the Complaint for Damages filed by Plaintiff as follows:

1.

The allegations found in paragraph 1, upon information and belief, is admitted that the plaintiff is a resident and citizen of the state of Louisiana.

2.

Forterra Pipe and Precast, LLC is a limited liability company with its principal place of business in Irving, Texas.  Forterra is a single member LLC and its sole member is Stardust Holding (U.S.A.), LLC, also a Delaware limited liability company.  The sole member of Stardust Holding (U.S.A.), LLC is Forterra, Inc., a Delaware corporation with a principal place of business in Irving, Texas.

3.

The allegations found in paragraph 3 are denied for lack of sufficient information in which to justify a belief therein.

4.

The allegations found in Paragraph 4 are admitted that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because of diversity.  Upon information and belief, the matter claimed by the plaintiff exceeds $75,000, exclusive of interest and costs.  Any and all allegations of liability and/or responsibility on behalf of this defendant is denied.

5.

The allegations found in Paragraph 5 are admitted to the extent that the Court has personal jurisdiction over Forterra Pipe and Precast, LLC (hereinafter "Forterra") because the alleged action took place in the state of Louisiana within this federal district.

6.

The allegations found in Paragraph 6 are admitted that venue is proper in this Court for the reasons set forth above.

7.

Forterra generally agrees with the allegations found in Paragraph 7; any and all allegations of liability and/or responsibility are denied.

8.

Forterra generally agrees with the allegations found in Paragraph 8; plaintiff was a direct employee of Express Professionals of New Orleans and working at Forterra's pipe yard under a

written contract with Forterra for use of his personnel services.  Any and all allegations of liability and/or responsibility on behalf of this defendant is denied.

9.

The allegations found in Paragraph 9 are denied.

10.

The allegations found in Paragraph 10 are denied for lack of sufficient information in which to justify a belief therein.

11.

The allegations found in Paragraph 11 are denied for lack of sufficient information in which to justify a belief therein.

12.

The allegations found in Paragraph 12 are denied as written.

13.

The allegations found in Paragraph 13 are denied for lack of sufficient information in which to justify a belief therein.

14.

This defendant joins the plaintiff in his demand for a trial by jury.  Any and all allegations of liability and/or responsibility are denied.

AND NOW, FURTHER RESPONDING, this Defendant avers the following affirmative defenses:

15.

The complaint does not state a cause of action which relief can be granted to this Defendant.

16.

It is specifically alleged that the accident sued upon was caused by the fault or legal negligence of the plaintiff in the following non-exclusive particulars:

a)  Failure to keep lookout;

b)  Failure to act prudently under the circumstances;

c)  Failure to maintain safety for himself; and

d)  Other acts of contributory negligence.

17.

In the event that third-party fault caused or contributed to this incident, third-party fault is pled as an elimination or reduction of any recovery.

18.

Denzel Devon was working at the Forterra Pipe and Precast, LLC facility and was a borrowed servant within the meaning of Louisiana Revised Statute 23:1331 *et seq.* which prohibits this claim and prevents this cause of action against Forterra Pipe and Precast, LLC.

19.

Alternatively, Denzel Devon was a statutory employee of Forterra Pipe and Precast, LLC and his claims are borrowed by operation of law.  There is a written agreement between Express Professionals of New Orleans and Forterra which is pled as the relationship between Denzel Devon and Forterra.

20.

Alternatively, the accident sued upon was caused by the fault or legal negligence of Express Professionals of New Orleans, in the following non-exclusive particulars:

a)  Failure to train;

b)  Failure to warn; and

c)  Other acts of negligence to be determined at the trial of this matter.

21.

In the event that the plaintiff has failed to mitigate his damages, mitigation is pled as an elimination or reduction of any recovery.

22.

This Defendant hereby requests and demands a trial by jury on all issues so triable.

WHEREFORE, premises considered, Defendant, FORTERRA PIPE AND PRECAST, LLC, prays that this answer to Claimant's Complaint for Damages be deemed good and sufficient, and that after the lapse of all legal delays and due proceedings are had, there be judgment rendered in its favor and against Claimant dismissing his claims with prejudice and at Claimant's costs and for all other general and equitable relief to which this Defendant may be entitled and/or allowed by law.

RESPECTFULLY SUBMITTED:

**JEANSONNE & REMONDET**

BY: _____*/s/ Michael J. Remondet, Jr.*_____
MICHAEL J. REMONDET, JR., T.A. (#21046)
DEAN A. SUTHERLAND (#12585)
Post Office Box 91530
Lafayette, Louisiana 70509
Telephone: (337) 237-4370
Email: MikeR@jeanrem.com; DeanS@jeanrem.com
**ATTORNEYS FOR DEFENDANT,**
**FORTERRA PIPE AND PRECAST, LLC**

<u>**CERTIFICATE**</u>

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system and has been served upon counsel for all parties to this proceeding via electronic filing notification, facsimile, and/or first class United States mail, proper addressed, postage prepaid, at the last known address.

Lafayette, Louisiana, this 12th day of March 2018.

/s/ Michael J. Remondet, Jr.
MICHAEL J. REMONDET, JR.